**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DISTRICT**

JUN 0 6 2014

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

MICHELLE DAY, ADMINISTRATOR
OF THE ESTATE OF JAMES AVERY
DEWEESE, SR. AND ON BEHALF OF
THE WRONGFUL DEATH BENEFICIARIES
OF JAMES AVERY DEWEESE, SR;
RUTH DEWEESE, INDIVIDUALLY; and
MICHELLE DAY, INDIVIDUALLY                          **PLAINTIFFS**

VS.                    CASE NO.  4:14 cv 342 KGB

UNITED STATES OF AMERICA                          **DEFENDANT**

## COMPLAINT

Comes the Plaintiffs, Michelle Day, as Administrator of the Estate of

James Avery Deweese, Sr., deceased, and on behalf of the wrongful death

beneficiaries of James Avery Deweese, Sr., Ruth Deweese, Individually, and

Michelle Day, Individually, by counsel, and for their cause of action herein,

states as follows:

This case assigned to District Judge____Baker____
and to Magistrate _____  Volpe.

## JURISDICTION

1.     This Court has original jurisdiction pursuant to 28 U.S.C. § 2401,

*et seq.* and 28 U.S.C. § 1346, the Federal Tort Claims Act.

2.     That at all times relevant hereto, Plaintiffs' Decedent, James Avery

Deweese, Sr., was a resident of the state of Arkansas, residing in Beebe, White

County, Arkansas.

3.      The Defendant, the United States of America, may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and the Complaint on Christopher R. Thyer, United States Attorney for the Eastern District of Arkansas, by certified mail, return receipt requested at his office, United States Attorney's Office, 425 West Capitol Avenue Suite 500, Little Rock, AR 72201, to the attention of the Civil Process Clerk, and by serving a copy of the Summons and Complaint on Eric H. Holder, Jr., Attorney General's Office, Department of Justice, 950 Pennsylvania Avenue, NW, Washington DC 20530-0001, to the attention of the Civil Process Clerk.

4.      The Federal District Court has jurisdiction of this case, because this action is brought pursuant to and in compliance with 28 U.S.C. § 1346(b) and 2671-2680 *et seq.,* commonly known as the "Federal Tort Claims Act" which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 139l(e), as the United States is a Defendant and all of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

6.     On October 31, 2011, James Avery Deweese, Sr. went to the Veteran's Administration Hospital, located at 4300 West 7th Street in Little Rock, AR, and had a CT scan on his liver.

7.     The October 31, 2011 CT Scan was misread by the VA medical staff.

8.     There was a stage 1 tumor present on this scan that was not identified by VA medical staff at the time the scan was taken on October 31, 2011.

9.     If the tumor had been identified at this time, Mr. Deweese could have undergone treatments, because on October 31, 2011, the tumor was confined, had not invaded any blood vessels and had not spread.

10.    Mr. Deweese received care from Home Based Primary Care (HBPC), the home health care group that is supervised by VA physicians, following the October 31, 2011 CT Scan.

11.    The HBPC care providers failed to recognize the signs of hepatocellular carcinoma during the period in which they provided care to Mr. Deweese.

12.    Mr. Deweese returned to the VA on July 7, 2013.  On July 12, 2013, Mr. Deweese had another CT Scan.

3

13.   The chief of surgery, Dr. Gocieo, informed Mr. Deweese's family that the October 31, 2011 CT Scan was misread and Mr. Deweese had cancer for "about two years."

14.   When compared to the October 31, 2011 CT Scan, it is obvious that the tumor was enlarged on the July 12, 2013 CT Scan.

15.   There was also a change in the blood vessels, indicating a blockage of the vessels.

16.   On or abour July 12, 2013, the VA doctors said that Mr. Deweese was too weak to undergo treatments at this time.   As a result, there was nothing they could do to prevent Mr. Deweese's death.

17.    Mr. Deweese died on July 22, 2013 in the VA as a result of the cancer.

18.   Michelle Day was appointed Administrator of the Estate of James Avery Deweese, Sr., pursuant to an Order of the Circuit Court of White County, Arkansas, No. PR-2013-280-1, dated October 16, 2013.

## LIABILITY OF THE UNITED STATES OF AMERICA

19.   This case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. §§ 2671-2680, commonly referred to as the "Federal Tort Claims Act." Liability of the United States is predicated specifically on Title 28 U.S.C. §§ 1346(b)(1) and 2674

4

because the medical malpractice, personal injuries, and resulting damages of which complaint were made were proximately caused by the negligence, wrongful acts and/or omissions of employees of the Veterans Administration ("VA") Medical Center in Little Rock, Arkansas, while acting within the scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to the Plaintiffs in the same manner and to the same extent as a private individual under the laws of the state of Arkansas.

20.    In this Complaint, whenever the term "U.S. Defendant" is used, it means the United States, its officers, agents, servants, employees, and/or representatives. Whenever in this Complaint it is alleged that U.S. Defendant did any act or thing, it is meant that the United States, its officers, agents, servants, employees, and/or representatives did such act or thing, and that at the time such act or thing was done, it was done with the full authorization and ratification of the United States and was done in the normal and routine course and scope of employment of the United States' officers, agents, servants, employees, and/or representatives.

21.    Whenever in this Complaint it is alleged that U.S. Defendant omitted any act or thing, it is meant that Defendant, the United States, its

officers, agents, servants, employees, and/or representatives omitted such act or thing.

## JURISDICTIONAL PREREQUISITES

22.    Plaintiffs bring this action pursuant to Title 28 U.S.C.§ 2672 and § 2675(a), and states that the claims set forth herein were filed with and presented administratively to the Defendant's agency, Department of Veterans Affairs, on October 25, 2013.

23.    Claim forms were filed on behalf of James Avery Deweese, Sr., Deceased, by Michelle Day, Administrator of the Estate of James Avery Deweese Sr.; Michelle Day, Individually; and Ruth Deweese, Individually

24.    The three SF-95 claims, with select attachments to the claim forms (all three claim forms shared the same attachments), are attached to the Complaint as Exhibit A.

25.    Attached as Exhibit B is a letter from the Department of Veterans Affairs Paralegal, Kala Bunten-Jackson, dated November 5, 2013, acknowledging receipt of the administrative claims in this case on October 25, 2013.

26.    Attached as Exhibit C is a letter from Department of Veterans Affairs Staff Attorney, Gayle B. Sipes, dated November 6, 2013,

acknowledging receipt of the three administrative claims in this case on October 25, 2013.

27.    Plaintiffs did not receive a denial of this claim prior to April 25, 2014, the date which marked six months since the filing of the claims.

28.    Plaintiffs received a letter from VA Interim Regional Counsel Sonya Marie Cromwell, dated May 28, 2014, in which their claims were denied.  See Exhibit D.

29.    Pursuant to 28 U.S.C.A. § 2675, Plaintiffs assert that the claims submitted on October 25, 2013 have been denied, and that she may now properly file this FTCA claim in this Court.

## THE DEPARTMENT OF VETERANS AFFAIRS IS AN AGENCY OF THE UNITED STATES OF AMERICA

30.    The Department of Veterans Affairs is an agency of the United States of America.

31.    Defendant, United States of America, through its agency, the Department of Veterans Affairs, at all times material hereto, owned, operated and controlled the Veterans Administration Hospital in Little Rock, Arkansas, through its agency, the Department of Veterans Affairs, staffed said facility with its agents, servants, and/or employees.

7

32.   Home Based Primary Care (HBPC) is a home health care group that provided care to James Deweese, and HBPC care providers are agents, servants, and/or employees of the United States of America, through its agency, the Department of Veterans Affairs.

33.   At all times herein, all persons involved in the medical and health care services provided to James Avery Deweese, Sr., at the Little Rock VA Hospital, and by and through HBPC, were agents, servants and employees of the Department of Veterans Affairs, the United States of America or some other agency thereof and were at all times material hereto, acting within the course and scope of such employment.

34.   This is a Federal Tort Claims Action for monetary damages sustained by Plaintiffs' decedent as the result of Defendant's substandard, and therefore, negligent medical care.

## COUNT I – MEDICAL NEGLIGENCE

35.   As a cause of action and ground for relief, Plaintiffs allege the factual matters described in the previous paragraphs of the Complaint as part of this count.

36.   Plaintiffs allege that the acts and/or omissions of the agents, servants, and/or employees of the United States, through its agency the VA,

in failing to properly diagnose James Avery Deweese, Sr., described above, constitute medical negligence.

37. The United States, through the agents, servants and employees of its agency the VA, is guilty of negligence, which was a proximate cause of the injuries and damages sustained by Plaintiffs.

38. The U.S. Defendants and its agents, servants, and/or employees, failed to meet the standard of care in their treatment of James Avery Deweese, Sr.

39. The U.S. Defendants and its agents, servants, and/or employees breached the duty owed to James Avery Deweese, Sr., and said negligence was a deviation for the standard of care for medical care providers under these circumstances. The negligence consisted of, but is not limited to, the following, viz:

    a.    The U.S. Defendants and its agents, servants, and/or employees breached the standard of care owed to James Avery Deweese, Sr.

    b.    The conduct of the U.S. Defendants and its agents, servants, and/or employees fell below the standard of care required for similar medical care providers in places similar to Little Rock, Pulaski County, Arkansas, and Beebe, White County, Arkansas, and, therefore, this constitutes medical negligence.

    c.    The U.S. Defendants and its agents, servants, and/or employees failed to properly diagnose James Avery Deweese, Sr. and failed to possess and apply with reasonable care, the degree of skill and learning ordinarily possessed and used by members of their

professions in good standing, engaged in the same type of specialty in the locality in which they practiced, or in a similar locality.

d.   The U.S. Defendants and its agents, servants, and/or employees are otherwise guilty of negligence which will be more particularly described during the course of litigation.

40.   In rendering medical services, examinations, treatments, diagnoses and medical care for James Avery Deweese Sr., the U.S. Defendant, and through its agents, servants and employees, failed to exercise the degree of care and skill that would be expected of an ordinarily prudent or reasonably competent physician or health care provider under like or similar circumstances.

41.   As a result of the failure of the U.S. Defendant, and through its agents, servants and employees, all as described above, in rendering medical services, examinations, treatments and diagnoses, Plaintiffs' decedent, James Avery Deweese, Sr. suffered severe personal injury and death.

## COUNT II - WRONGFUL DEATH

42.   As a cause of action and ground for relief, Plaintiffs allege the factual matters described in the previous paragraphs of the Complaint as part of this count.

43.   As a direct and proximate result of the previously alleged conduct, all of which caused the death of decedent, James Avery Deweese, Sr., the Defendants caused the death of James Avery Deweese, Sr.

44.    Plaintiffs pray for compensatory damages against the Defendants for the wrongful death of James Avery Deweese, Sr., including, but not limited to, the grief suffered, as well as the expense of the funeral and other related cost.

45.    As a direct and proximate result of the death of James Avery Deweese, Sr., Plaintiffs seek a judgment for all compensatory damages against the Defendants, including, but not limited to, loss of enjoyment of life, the loss of life, as well as funeral expenses, and related costs against the Defendants in an amount to be determined by the jury, plus cost and all other relief to which the Plaintiffs may be entitled, including, but not limited to, the claims on behalf of the wrongful death beneficiaries of the decedent, and for any and all other damages that the Plaintiffs and beneficiaries are entitled to recover. Plaintiffs sue for, pursuant to the wrongful death statute, pecuniary injuries sustained by the beneficiaries under the wrongful death statute, together with mental anguish on behalf of the beneficiaries of the decedent under the wrongful death statute.

## DAMAGES

46.    Plaintiffs, demand judgment against the United States of America for the personal injury to and wrongful death of James Avery Deweese, Sr., for the medical and related expenses, necessary and related to the care of

Plaintiffs' decedent's condition, for physical pain and mental anguish suffered by the Plaintiffs' decedent, for impairment of the Plaintiffs' decedent's power to earn money, for Plaintiffs' decedent's extreme emotional distress, and for permanent and total impairment of the Plaintiffs decedent's power and ability to enjoy life, and for funeral expenses, in the aggregate sum of $30,000,000.00, and for any and all other relief to which Plaintiffs may be entitled, including her costs herein expended, a reasonable attorney's fee, pre-judgment and post-judgment interest on all sums awarded.

47.   Ruth Deweese asserts a loss of consortium claim due to the injuries, damages, and wrongful death suffered by James Avery Deweese, Sr.

> **MICHELLE DAY, ADMINISTRATOR OF THE ESTATE OF JAMES AVERY DEWEESE, SR. AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF JAMES AVERY DEWEESE, SR; RUTH DEWEESE, INDIVIDUALLY**
>
> By: _____
>
> **DAVID A. HODGES**
> **Attorney at Law**
> **212 Center Street, Fifth Floor**
> **Little Rock, AR 72201-2429**
> **Arkansas Bar No. 65021**
> **Telephone: 501-374-2400**
> **Facsimile:  501-374-8926**
> **E-Mail: david@hodgeslaw.com**

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency:<br><br>United States Department of Veterans Affairs | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.<br><br>James Avery Deweese, Sr., Deceased, by Michelle Day, Administrator of the Estate of James Avery Deweese Sr.<br>400 East Oklahoma Street, Beebe, AR 72012 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>[X] MILITARY   [ ] CIVILIAN | 4. DATE OF BIRTH<br>01/22/1936 | 5. MARITAL STATUS<br>Married | 6. DATE AND DAY OF ACCIDENT<br>10/31/2011     Monday | 7. TIME (A.M. OR P.M.)<br>11:37 AM |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Please see Attachment A.

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See "Basis of Claim" Attachment A, incorporated by reference into this section.  Mr. Deweese suffered a loss of enjoyment of life over the two years between the two CT Scans.  Mr. Deweese died from hepatocellular carcinoma, which was not identified for nearly 2 years after the VA medical staff failed to identify the tumor on the October 31, 2011 CT Scan.  Mr. Deweese's death has also resulted in Ruth Deweese's suffering from a loss of consortium and a loss of companionship.

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Michelle Day | 400 E. Oklahoma St. Beebe, AR 72012 |
| Ruth Deweese | P.O. Box 514 Beebe, AR 72012 |

12. (See instructions on reverse).   **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY<br>$5,000,000.00 | 12c. WRONGFUL DEATH<br>$5,000,000.00 | 12d. TOTAL (Failure to specify may cause forfeiture of your rights)<br>$10,000,000.00 |
|---|---|---|---|

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side).<br>Michelle Day, Administrator of the Estate of James Avery Deweese, Jr. | 13b. PHONE NUMBER OF PERSON SIGNING FORM<br>501-288-4101 | 14. DATE OF SIGNATURE<br>10/17/13 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2



## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance?   ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number   ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes   ☒ No   | 17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance?   ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14.  Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT.  THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)*  In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)*  In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)*  In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)*  Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
    A.  *Authority:*  The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B.  *Principal Purpose:*  The information requested is to be used in evaluating claims.
C.  *Routine Use:*  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D.  *Effect of Failure to Respond:*  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention:  Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

## ATTACHMENT A

### 8.  Basis of Claim

Claimant alleges that the VA healthcare providers referred to in this claim are federal employees, acting within the scope of their employment, or, alternatively, that they were independent contractors who were controlled by the VA/federal government.

On October 31, 2011, James Avery Deweese, Sr. (hereinafter Mr. Deweese) went to the VA, located at 4300 West 7th Street in Little Rock, AR, and had a CT scan on his liver.  There was a stage 1 tumor present on this scan.  The tumor was confined, had not invaded any blood vessels and had not spread.  However, the October 31, 2011 CT Scan was misread by the VA medical staff and the tumor was not identified.  If the tumor had been identified at this time, Mr. Deweese could have undergone treatments.

Mr. Deweese received care from Home Based Primary Care (HBPC), the home health care group that is supervised by VA physicians, following the October 31, 2011 CT Scan.  The HBPC care providers failed to recognize the signs of hepatocellular carcinoma during the period in which they provided care to Mr. Deweese.

Mr. Deweese returned to the VA on July 7, 2013.  On July 12, 2013, Mr. Deweese had another CT Scan.  The chief of surgery, Dr. Gocieo, informed Mr. Deweese's family that the October 31, 2011 CT Scan was misread and Mr. Deweese had cancer for "about two years."  When compared to the October 31, 2011 CT Scan, it is obvious that the tumor was enlarged on the July 12, 2013 CT Scan.  There was also a change in the blood vessels, indicating a blockage of the vessels.  The VA doctors said that Mr. Deweese was too weak to undergo treatments at this time.  As a result, there was nothing they could do to prevent Mr. Deweese's death.  Mr. Deweese died on July 22, 2013 in the VA as a result of the cancer.

The following documents are attached in support of this claim:

-Medical records from Central Arkansas Veterans Healthcare Center covering the time periods of October 31, 2011 until Mr. Deweese's death in July of 2013.

-Autopsy Report form Central Arkansas Veterans Healthcare Center

Claimants include numerous medical records, and incorporate all of the attached records as part of the basis of their claim, however, Claimants believe that the medical records Bates numbered 137–50 are especially relevant.

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1 Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| United States Department of Veterans Affairs | Michelle Day<br>400 East Oklahoma Street, Beebe, AR 72012 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | | 7. TIME (A.M. OR P M.) |
|---|---|---|---|---|---|
| [X] MILITARY  [ ] CIVILIAN | 01/22/1936 | Married | 10/31/2011 | Monday | 11:37 AM |

8 BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

Please See Attachment A to SF-95 Form submitted by Michelle Day in her capacity as Administrator of the Estate of James Avery Deweese, Sr., Deceased.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See "Basis of Claim", section 8, incorporated by reference into this section.  Mr. Deweese suffered a loss of enjoyment of life over the two years between the two CT Scans.  Mr. Deweese died from hepatocellular carcinoma, which was not identified for nearly 2 years after the VA medical staff failed to identify the tumor on the October 31, 2011 CT Scan.  Mr. Deweese's death has also resulted in Ruth Deweese's suffering from a loss of consortium and a loss of companionship.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| Michelle Day | 400 E. Oklahoma St. Beebe, AR 72012 | |
| Ruth Deweese | P.O. Box 514 Beebe, AR 72012 | |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| | $5,000,000.00 | $5,000,000.00 | $10,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *Michelle Day* | 501-288-4101 | 10/17/13 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government  (See 31 U.S C. 3729) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

NSN 7540-00-634-4046

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

| 15  Do you carry accident Insurance? ☐ Yes    If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number ☒ No |
| --- |

| 16  Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No | 17. If deductible, state amount. |
| --- | --- |

| 18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts). |
| --- |

| 19. Do you carry public liability and property damage insurance? ☐ Yes    If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No |
| --- |

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. **Authority:**  The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:*  The information requested is to be used in evaluating claims.
C. *Routine Use:*  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:*  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention:  Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

## 8.  Basis of Claim

Claimant alleges that the VA healthcare providers referred to in this claim are federal employees, acting within the scope of their employment, or, alternatively, that they were independent contractors who were controlled by the VA/federal government.

On October 31, 2011, James Avery Deweese, Sr. (hereinafter Mr. Deweese) went to the VA, located at 4300 West 7th Street in Little Rock, AR, and had a CT scan on his liver.  There was a stage 1 tumor present on this scan.  The tumor was confined, had not invaded any blood vessels and had not spread.  However, the October 31, 2011 CT Scan was misread by the VA medical staff and the tumor was not identified.  If the tumor had been identified at this time, Mr. Deweese could have undergone treatments.

Mr. Deweese received care from Home Based Primary Care (HBPC), the home health care group that is supervised by VA physicians, following the October 31, 2011 CT Scan.  The HBPC care providers failed to recognize the signs of hepatocellular carcinoma during the period in which they provided care to Mr. Deweese.

Mr. Deweese returned to the VA on July 7, 2013.  On July 12, 2013, Mr. Deweese had another CT Scan.  The chief of surgery, Dr. Gocieo, informed Mr. Deweese's family that the October 31, 2011 CT Scan was misread and Mr. Deweese had cancer for "about two years."  When compared to the October 31, 2011 CT Scan, it is obvious that the tumor was enlarged on the July 12, 2013 CT Scan.  There was also a change in the blood vessels, indicating a blockage of the vessels.  The VA doctors said that Mr. Deweese was too weak to undergo treatments at this time.  As a result, there was nothing they could do to prevent Mr. Deweese's death.  Mr. Deweese died on July 22, 2013 in the VA as a result of the cancer.

Michelle Day, individually, also incorporates by reference, the documents attached in support of the claim for sumbitted by Michelle Day in her capacity as Administrator of the Estate of James Avery Deweese, Sr.

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse) Number, Street, City, State and Zip code. |
|---|---|
| United States Department of Veterans Affairs | Ruth Deweese<br>P.O. Box 514 Beebe, AR 72012 |

| 3 TYPE OF EMPLOYMENT<br>[X] MILITARY  [ ] CIVILIAN | 4. DATE OF BIRTH<br>01/22/1936 | 5. MARITAL STATUS<br>Married | 6. DATE AND DAY OF ACCIDENT<br>10/31/2011   Monday | 7. TIME (A.M. OR P.M.)<br>11:37 AM |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof  Use additional pages if necessary).

Please See Attachment A to SF-95 Form submitted by Michelle Day in her capacity as Administrator of the Estate of James Avery Deweese, Sr., Deceased.

**9.** **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

**10.** **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See "Basis of Claim", section 8, incorporated by reference into this section.  Mr. Deweese suffered a loss of enjoyment of life over the two years between the two CT Scans.  Mr. Deweese died from hepatocellular carcinoma, which was not identified for nearly 2 years after the VA medical staff failed to identify the tumor on the October 31, 2011 CT Scan.  Mr. Deweese's death has also resulted in Ruth Deweese's suffering from a loss of consortium and a loss of companionship.

**11** **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Michelle Day | 400 E. Oklahoma St. Beebe, AR 72012 |
| Ruth Deweese | P.O. Box 514 Beebe, AR 72012 |

12 (See instructions on reverse).  **AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY<br>$5,000,000.00 | 12c. WRONGFUL DEATH<br>$5,000,000.00 | 12d. TOTAL (Failure to specify may cause forfeiture of your rights).<br>$10,000,000.00 |
|---|---|---|---|

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a SIGNATURE (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM<br>501-882-6210 | 14. DATE OF SIGNATURE<br>10/11/13 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U S C  3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15  Do you carry accident Insurance?  ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes  ☒ No   17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).  ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)*  In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)*  In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)*  In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)*  Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A.  *Authority:*  The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B.  *Principal Purpose:*  The information requested is to be used in evaluating claims.
C.  *Routine Use:*  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D.  *Effect of Failure to Respond:*  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention:  Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses

**STANDARD FORM 95** REV (2/2007) BACK

## 8.  Basis of Claim

Claimant alleges that the VA healthcare providers referred to in this claim are federal employees, acting within the scope of their employment, or, alternatively, that they were independent contractors who were controlled by the VA/federal government.

On October 31, 2011, James Avery Deweese, Sr. (hereinafter Mr. Deweese) went to the VA, located at 4300 West 7th Street in Little Rock, AR, and had a CT scan on his liver.  There was a stage 1 tumor present on this scan.  The tumor was confined, had not invaded any blood vessels and had not spread.  However, the October 31, 2011 CT Scan was misread by the VA medical staff and the tumor was not identified.  If the tumor had been identified at this time, Mr. Deweese could have undergone treatments.

Mr. Deweese received care from Home Based Primary Care (HBPC), the home health care group that is supervised by VA physicians, following the October 31, 2011 CT Scan.  The HBPC care providers failed to recognize the signs of hepatocellular carcinoma during the period in which they provided care to Mr. Deweese.

Mr. Deweese returned to the VA on July 7, 2013.  On July 12, 2013, Mr. Deweese had another CT Scan.  The chief of surgery, Dr. Gocieo, informed Mr. Deweese's family that the October 31, 2011 CT Scan was misread and Mr. Deweese had cancer for "about two years."  When compared to the October 31, 2011 CT Scan, it is obvious that the tumor was enlarged on the July 12, 2013 CT Scan.  There was also a change in the blood vessels, indicating a blockage of the vessels.  The VA doctors said that Mr. Deweese was too weak to undergo treatments at this time.  As a result, there was nothing they could do to prevent Mr. Deweese's death.  Mr. Deweese died on July 22, 2013 in the VA as a result of the cancer.

Ruth Deweese, individually, also incorporates by reference, the documents attached in support of the claim for sumbitted by Michelle Day in her capacity as Administrator of the Estate of James Avery Deweese, Sr.



**Department of Veterans Affairs**
**Office of Regional Counsel**
**2200 Fort Roots Drive, Bldg 5**
**North Little Rock, AR 72114**
**Telephone (501)-257-4122**
**Fax (501)257-4130**

<u>CERTIFIED MAIL – RETURN RECEIPT REQUESTED</u>       In Reply Refer To: 4589
November 5, 2013                                        Direct Line: 615-695-4628

Mr. David A. Hodges
Centre Place – Fifth Floor
212 Center Street
Little Rock, Arkansas 72201-2429

Re:  Administrative Tort Claim of James Avery Deweese, Sr.

Dear Mr. Hodges:

We acknowledge receipt of the above-captioned claims which were received by our office on October 25, 2013. Under federal law, the Department of Veterans Affairs (VA) has <u>six months</u> from receipt of a claim during which time no lawsuit may be filed on the claim. VA will attempt to reach a decision during that period. If VA is unable to render a determination within six months, you may elect to file suit in federal district court or you may continue to await an agency decision. Once our investigation is completed, we will advise you of our decision in writing. Please note that Federal Tort Claims Act (FTCA) claims are governed by a combination of federal and state laws. Some state laws may limit or bar a claim or law suit. VA legal staff handling FTCA claims work for the federal government, and cannot provide advice regarding the impact of state laws or state filing requirements. The attorney assigned to investigate this claim is **Gayle Sipes**. If you have any questions, you may contact her at **501-257-4129.**

It is important that you establish your authority to act as the duly authorized agent or legal representative in this matter. Therefore, if you have not already done so, please provide a copy of your representation agreement with your client's signature. If you do not provide this information, this claim may be rejected or denied solely on that basis.

Depending upon the relevant facts, VA benefits may also be available. A brochure is enclosed which describes the differences between a tort claim and a benefits claim and how each kind of claim is processed.

This office will obtain all VA records related to this administrative tort claim. Information from non-VA sources is important in evaluating the claim. Pursuant to 28 C.F.R. §14.4, we request that you provide the information requested below. Your cooperation in providing this additional information is appreciated.

**PLEASE DO NOT SUBMIT ORIGINAL DOCUMENTATION AS DOCUMENTS WILL BECOME PART OF OUR PERMANENT FILE AND WILL NOT BE RETURNED TO YOU.**

a.  An *authenticated death certificate* or other competent evidence showing cause of death, date of death, and age of the decedent.

b. A signed Release of Information form (enclosed).   Provide the names of any physicians or *non-VA facilities* where the decedent was treated for any condition related to the incident stated in your claim.  This information will assist us in the investigation of your claim. Please sign and date the form.

c. A written report from any health care provider at *non-VA facilities* who treated the decedent for any condition related to the incident stated in the claim or who has provided an opinion related to the allegations in this claim.  A report should describe the nature and extent of treatment, any degree of temporary or permanent disability, the prognosis, period of hospitalization, and any diminished earning capacity.  In the alternative, copies of medical records may be sent.

d. *Itemized bills* for medical and hospital expenses incurred, or itemized receipts of payment for such expenses.

e. If this claim includes loss of time from employment, provide a written statement from the employer showing *time lost from employment*, whether the decedent was a full or part-time employee, the decedent's annual salary or hourly wage, and the wages or salary actually lost.

f. Provide the decedent's *employment history* for the past five years, including salary, employer, and job title.

g. Provide copies of the decedent's *income tax returns* for the three years prior to death.

h. Specify *any and all income* received prior to death from Social Security, private pension, disability compensation, and all other sources of compensation.

i. Itemized bills for *medical and burial expenses* incurred by reason of the incident causing death, or itemized receipts of payment for such expenses.

j. Provide evidence of *decedent's employment* or occupation at the time of death, including monthly or annual salary or earnings, if any, and the duration of decedent's last employment or occupation.

k. Provide the full names, addresses, birth dates, kinship, and marital status of *decedent's survivors*, including those survivors who were dependent for support upon the decedent at the  time of death.

l. State the *degree of support* afforded by the decedent to each survivor dependent upon decedent for support at the time of death.

n. Provide any documents or information that supports the loss of consortium claims.  If either claimant received any treatment for any condition related to their claims, please have them complete, sign, and date the enclosed authorization forms for each treating provider or facility.

Please forward *any other evidence or information* which may have a bearing on the responsibility of the United States for the damages claimed.

KALA BUNTEN-JACKSON
Paralegal

Enclosures



**Department of Veterans Affairs**
Office of Regional Counsel
2200 Fort Roots Drive, Building 5
North Little Rock, Arkansas 72114
Phone 501-257-4122
Fax 501-257-4130

November 6, 2013

Fax: 501-374-8926

Direct Line: 501-257-4129
TP GCLaws 4589

David A. Hodges, Esquire
Centre Place – fifth Floor
212 Center Street
Fayetteville, Arkansas 72702

Re:  Administrative Claim on behalf of James Avery Deweese, Sr.

Dear Mr. Hodges:

Thank you for your letter of October 25, 2013. The tort claims you filed on behalf the Estate of Mr. Deweese, Ruth Deweese and Michelle Day have been received in our office and have been accepted. I am the attorney who has been assigned to review those claims.

Thank you also for agreeing to facilitate my meeting with Mrs. Deweese and Ms. Day. After I have obtained some medical reviews of the claims, I will contact you for that meeting to be arranged.

If you have any questions, please do not hesitate to call me.

Thank you.

Sincerely,

GAYLE B. SIPES
Staff Attorney





**Department of Veterans Affairs**
**Office of Regional Counsel**
**2200 Fort Roots Drive, Building 5**
**North Little Rock, Arkansas  72114**
**Telephone 501-257-4122**
**Fax 501-257-4130**

CERTIFIED MAIL
May 28, 2014

GCL: 4589

Mr. David A. Hodges
Attorney at Law
Centre Place – 5th Floor
212 Center Street
Little Rock, AR  722201-2429

Subject:  Administrative Tort Claim of James Avery Deweese, Deceased

Dear Mr. Hodges:

This office has completed investigation of the above-referenced matter under the Federal Tort Claims Act (FTCA).  This claim, received by the Department of Veterans Affairs (VA) Regional Counsel on October 25, 2013, alleged providers were negligent for failure to identify and treat hepatocellular carcinoma for a two year period of time.  After careful consideration by this office, we have determined that your claim is not amenable to administrative resolution.  Accordingly, this claim is hereby denied.

Further action on this matter may be instituted in accordance with the FTCA, sections 1346(b) and 2671-2680, title 28, U.S.C., which provides that a tort claim that is administratively denied may be presented to a federal district court for judicial consideration.  Such a suit must be initiated within six months of the date of mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, U.S.C.).  If such a suit is filed, the proper party defendant would be the United States, not VA.  Alternatively, a request for reconsideration of this claim by this office may be filed by:  (1) mail to Office of General Counsel (021B), 810 Vermont Avenue, N.W., Washington, DC 20420; (2) fax to 202-273-6385; or (3) e-mail to OGC.torts@mail.va.gov.  VA must receive such a request within six months of the date of mailing of this notice of final denial as shown by the date of this letter.  If a request for reconsideration is made, VA shall have six months from receipt of that request during which the option to file suit in federal court under 28 U.S.C. 2675(a) is suspended.

Please note that FTCA claims are governed by a combination of Federal and state laws.  Some state laws may limit or bar a claim or law suit.  VA legal staff handling FTCA claims work for the Federal government, and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely yours,

*Sonya Marie Cromwell*

Sonya Marie Cromwell
Interim Regional Counsel

cc:  *CAVHS, Little Rock, Attn: QM*

