UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MICHELLE DAY, ADMINISTRATOR
OF THE ESTATE OF JAMES AVERY
DEWEESE, SR., AND On BEHALF OF
THE WRONGFUL DEATH STATUTORY
BENEFICIARIES OF JAMES AVERY
DEWEESE, SR.; RUTH DEWEESE,
INDIVIDUALLY, AND MICHELLE
DAY, INDIVIDUALLY** **PLAINTIFFS**

**V.**       **Case No. 4:14-CV-0342 KGB**

**UNITED STATES OF AMERICA** **DEFENDANT**

**BRIEF IN SUPPORT OF RESPONSE TO MOTION FOR SUMMARY
JUDGMENT ON THE ISSUE OF LIABILITY AS TO
DEFENDANT THE UNITED STATES OF AMERICA**

**Introduction**

This is a cause of action brought under the Federal Tort Claims Act, codified at 28 U.S.C. § 2671, *et seq.*, and prosecuted in substance under the Arkansas Medical Malpractice Act, codified at Ark. Code Ann. § 16-114-201, *et seq*. The Plaintiff claims that the United States is liable to her for medical malpractice due to the failure of the United States to visualize a liver mass on a CT Scan on October 31, 2011. *See* Document 1 at ¶ 7. The Plaintiff contends that this failure led to a delay in the diagnosis of liver cancer which was the

proximate cause of the Plaintiff's decedent's death in August 2013. *Id.* at ¶ 9. A trial to the bench is scheduled the week of June 13, 2016. *See* Document No. 16.

The Plaintiff has filed a Motion for Summary Judgment on the Issue of Liability as to the Defendant the United States of America. *See* Document No. 22. As sole support for her Motion, the Plaintiff relies on the deposition testimony of Devon Holder, M.D., the radiologist employee of Central Arkansas Veterans Healthcare System ("CAVHS") who read the October 2011 CT scan of the Plaintiff's decedent. *See* Document 22 at ¶ 4. As set forth below, the Plaintiff's Motion fails under the law and should be denied.

## **Discussion of Authority**

This is a cause of action brought under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2671 *et seq.* In actions brought under the FTCA, courts are bound to apply the law of the state in which the acts complained of occurred. *See, e.g.,* Goodman v. United States, 2 F. 3d 291, 292 (8th Cir. 1993). In an action for medical injury under Arkansas law, in order to recover damages, the Plaintiff must prove three things by expert testimony: a) the applicable standard of care; b) a deviation from the applicable standard of care; and c) that but for the deviation from the applicable standard of care the death would not have occurred. Ark. Code Ann. § 16-114- 206(a)(1)-(3).

Specifically, Ark. Code Ann. §16-114-206 states, in pertinent part, that:

> (a) In any action for medical injury, when the asserted negligence does not lie within the jury's comprehension as a matter of common knowledge, the

>plaintiff shall have the burden of proving:
>
>(1) By means of expert testimony provided only by a medical care provider of the same specialty as the defendant, the degree of skill and learning ordinarily possessed and used by members of the profession of the medical care provider in good standing, engaged in the same type of practice or specialty in the locality in which he or she practices or in a similar locality;
>
>(2) By means of expert testimony provided only by a medical care provider of the same specialty as the defendant that the medical care provider failed to act in accordance with that standard.

Ark. Code Ann. § 16-114-206(a)(1)-(2); *see also, Broussard v. St. Edward Mercy Health System, Inc.,* 2012 Ark. 14, 386 S.W. 3d 385 (Ark. 2012)(striking the language "by means of expert testimony provided only be a medical care provider of the same specialty as the defendant" as unconstitutional but specifically upholding the remaining language in Ark. Code Ann. § 16-114-206(a)(1)-(2)).

Further, in addition to proving the applicable standard of care and a deviation therefrom, Ark. Code Ann. § 16-114-206 requires that the Plaintiff prove:

>By means of expert testimony provided only by a qualified medical expert that as a proximate result thereof the injured person suffered injuries that would not otherwise have occurred.

Ark. Code Ann. § 16-114-206(a)(3).  In fact, the Arkansas Medical Malpractice statute implements the standard that "but for" the tortfeasor's negligence, the plaintiff's injury would not have occurred.  *Ford,* 339 Ark. at 437, 5 S.W.3d at 462-63.

In the instant case, the Plaintiff has filed a Motion for Summary Judgment "as to liability." *See* Document No. 22. The only support for the Motion is the testimony of Dr. Devon Holder, the CAVHS radiologist who read the October 31, 2011 CT scan of Mr. Deweese. *Id.* at ¶4. According to the Plaintiff, Dr. Holder's deposition testimony establishes that he deviated from the standard of care in this case. *Id.* However, proof of a deviation from the applicable standard of care does not establish liability. Ark. Code Ann. § 16-114- 206(a)(1)-(3). As set forth above, in order for the Plaintiff to recover damages, the Plaintiff must also prove that but for the deviation the injury would not have otherwise occurred. Ark. Code Ann. § 16-114-206(a)(3); *Ford v. St. Paul Fire & Marine Ins. Co.*, 339 Ark. 434, 437, 5 S.W.3d 460, 462-63 (1999). Thus, the Plaintiff's motion fails and should be denied.

Further, the Arkansas Medical Malpractice Act also provides that:

> No medical care provider shall be required to give expert opinion testimony against himself or herself as to any of the matters set forth in § 16-114-206 at a trial. However, this shall not apply to discovery. Discovery information can be used at a trial as in other lawsuits.

*See* Ark. Code An. § 16-114-207.

Here, the Plaintiff requests the Court to grant summary judgment on the issue of liability based upon the Defendant's own testimony regarding the standard of care. *See* Document No. 22 at ¶ 4. While such testimony by the Defendant is discoverable, it cannot be used against it at trial. Ark. Code Ann. § 16-114-207(3). Because evidence used in establishing summary judgment

against a party must be based upon admissible evidence at trial, the Plaintiff's Motion must be denied.  *Id*; Fed. R. Civ. P. 56(a)(2); *Csiszer v. Wren*, 614 F. 3d 866, 872-74(8th Cir. 2010); *Bedell v. Williams*, 2012 Ark. 75, *15 - *17, 306 S.W. 3d 493, 504 (2012).

## Conclusion

For the foregoing reasons, the Defendant, the United States of America, respectfully requests that the Plaintiff's Motion for Summary Judgment on the Issue of Liability as to Defendant the United States of America be denied.

Respectfully submitted,

CHRISTOPHER R. THYER
United States Attorney
Eastern District of Arkansas

By:   /s/ *Lindsey Lorence*
_____
Lindsey Mitcham Lorence
Arkansas Bar No. 96183
Assistant United States Attorney
P.O. Box 1229
Little Rock, Arkansas  72203
(501) 340-2600
lindsey.lorence@usdoj.gov

**CERTIFICATE OF SERVICE**

This will certify that a true and correct copy of the foregoing was filed with the Court via ECF and a copy sent on this 7th day of March, 2016, to the following:

Mr. David Hodges
Attorney at Law
212 Center Street, Fifth Floor
Little Rock, AR 72201-2429
(501) 374-2400
david@hodgeslaw.com

/s/ *Lindsey Lorence*
_____
Lindsey Mitcham Lorence
Assistant United States Attorney