UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MICHELLE DAY, ADMINISTRATOR
OF THE ESTATE OF JAMES AVERY
DEWEESE, SR., AND On BEHALF OF
THE WRONGFUL DEATH STATUTORY
BENEFICIARIES OF JAMES AVERY
DEWEESE, SR.; RUTH DEWEESE,
INDIVIDUALLY, AND MICHELLE
DAY, INDIVIDUALLY**            **PLAINTIFFS**

**V.**      **Case No. 4:14-CV-0342 KGB**

**UNITED STATES OF AMERICA**           **DEFENDANT**

**MOTION FOR SUMMARY JUDGMENT
ON BEHALF OF THE UNITED STATES OF AMERICA**

Comes Defendant, the United States of America, by and through Christopher R. Thyer, United States Attorney for the Eastern District of Arkansas, and the undersigned, pursuant to Rule 56 of the Federal Rules of Civil Procedure, and for its Motion for Summary Judgment states that:

1.  This is an action for medical injury under the Federal Tort Claims Act, codified at 28 U.S.C. § 2671, *et seq.*, and prosecuted in substance under the Arkansas Medical Malpractice Act, codified at Ark. Code Ann. § 16-114-201, *et seq.*

1

2. In an action for medical injury, under Arkansas law, a Plaintiff must prove the applicable standard of care and a deviation therefrom, unless the asserted negligence is a matter of common knowledge. Ark. Code Ann. §16-114-206(a)(1)-(2); *Broussard v. St. Edward Mercy Health System, Inc.*, 2012 Ark. 14, 386 S.W. 3d 385 (Ark. 2012)(striking the language "by means of expert testimony provided only be a medical care provider of the same specialty as the defendant" as unconstitutional but specifically upholding the remaining language in Ark. Code Ann. § 16-114-206(a)(1)-(2)).

3. In the instant case, the Plaintiff's Complaint alleges that a malignant liver mass was present on October 31, 2011 when Mr. James Avery Deweese, Sr. underwent a computerized tomography ("CT") scan at CAVHS. *See* Document No. 1 at ¶ 8. However, the radiologist reading the CT scan on October 31, 2011 did not visualize the mass at that time. *Id.*

4. The United States has stipulated that a mistake was made by failing to visualize the mass on October 31, 2011, and that this failure fell below the standard of care. *See* Document No. 33.

5. Thus, the only remaining triable issue in this case is the issue of proximate causation. Ark. Code Ann. § 16-114-206(a)(3).

6. The Plaintiff's medical evidence fails to establish that had the liver cancer been diagnosed in October 2011, Mr. Deweese would have lived longer than he actually did, or beyond July 22, 2013.

7. Thus, the Plaintiff fails to meet her burden of proof under the Arkansas Medical Malpractice Act, and summary judgment must be granted as

a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

8	A Statement of Undisputed Facts is filed herewith in accordance with Local Rule 56.1(a).

9.	A Brief in Support of Motion for Summary Judgment is filed herewith and incorporated herein.

WHEREFORE, the United States of America prays that the Court grant its Motion for Summary Judgment, and that the Plaintiff's Complaint against it be dismissed with prejudice.

Respectfully submitted,

Christopher R. Thyer
United States Attorney
Eastern District of Arkansas

/s/ *Lindsey Lorence*

By: _____

Lindsey Mitcham Lorence
Arkansas Bar No. 96183
Assistant United States Attorney
P.O. Box 1229
Little Rock, Arkansas 72203
(501) 340-2600
lindsey.lorence@usdoj.gov

## **CERTIFICATE OF SERVICE**

This will certify that a true and correct copy of the foregoing was filed with the Court via ECF and a copy sent on this 6th day of May, 2016, to the following:

Mr. David Hodges
Attorney at Law
212 Center Street, Fifth Floor
Little Rock, AR 72201-2429
(501) 374-2400
david@hodgeslaw.com


/s/ *Lindsey Lorence*
_____
Lindsey Mitcham Lorence
Assistant United States Attorney