IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MICHELLE DAY, ADMINISTRATOR
OF THE ESTATE OF JAMES AVERY
DEWEESE, SR. AND ON BEHALF OF
THE WRONGFUL DEATH BENEFICIARIES
OF JAMES AVERY DEWEESE, SR., RUTH
DEWEESE, INDIVIDUALLY, and MICHELLE
DAY INDIVIDUALLY                                                                                    PLAINTIFFS

v.                                    Case No. 4:14-cv-00342 KGB

UNITED STATES OF AMERICA                                                              DEFENDANT

## OPINION AND ORDER

On June 9, 2014, plaintiff Michelle Day filed this action for medical injury against defendant the United States of America. This action was filed under the Federal Tort Claims Act, codified at 28 U.S.C. § 2671, *et seq.*, and is prosecuted in substance under the Arkansas Medical Malpractice Act, codified at Ark. Code Ann. § 16-114-201, *et seq*. Ms. Day alleges that the failure to diagnose hepatocellular carcinoma ("HCC" or "liver cancer") of James Avery Deweese, Sr., on October 31, 2011, at the John L. McClellan Memorial Veterans Hospital in Little Rock, Arkansas, prematurely caused his death in July 2013 (Dkt. No. 1, ¶¶ 6-9). She states claims under Arkansas's medical negligence and wrongful death laws (Dkt. No. 1, ¶¶ 35-41, 42-45).

The Court previously granted in part the government's motion for summary judgment and dismissed with prejudice Ms. Day's medical negligence claims under Arkansas law (Dkt. No. 68). In that Order, the Court ordered the parties to file supplemental briefing as to why Ms. Day's wrongful death claims should not be dismissed. Both parties filed initial briefs (Dkt. Nos.

69, 70) and response briefs (Dkt. Nos. 71, 72). For the reasons set forth below, the Court dismisses with prejudice Ms. Day's claims under the Arkansas wrongful death statute. Thus, this case is dismissed with prejudice in its entirety.

### I. Factual Background

The Court incorporates by reference its prior Order and will not restate the facts here (Dkt. No. 68).

### II. Legal Standard

Summary judgment is proper if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact in dispute and that the defendant is entitled to entry of judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A factual dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party. *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008). "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under prevailing law." *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 2008). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### III.  Analysis

The claim now at issue is Ms. Day's claim under the Arkansas wrongful death law. A wrongful death action is for the recovery of damages the heirs suffered as a result of the decedent's death. *McDonald v. Pettus*, 988 S.W.2d 9 (Ark. 1999). In her complaint, for relief, Ms. Day seeks "compensatory damages against the defendant for the wrongful death of James Avery Deweese, Sr., including but not limited to, the grief suffered, as well as the expense of the funeral and other related costs." (Dkt. No. 1, ¶ 44). She also seeks "a judgment for all compensatory damages against the Defendants, including, but not limited to, loss of enjoyment of life, the loss of life, as well as funeral expenses, and related costs against the Defendants in an amount to be determined by the jury, plus cost and all other relief to which the Plaintiffs may be entitled, including, but not limited to, the claims on behalf of the wrongful death beneficiaries of the decedent, and for any and all other damages that the Plaintiffs and beneficiaries are entitled to recover." (Dkt. No. 1, ¶ 45).

The Court ordered supplemental briefing to address specifically whether the proximate cause standard applicable to claims under the Arkansas wrongful death statute is the same as the proximate cause standard applicable to Ms. Day's medical negligence claims. In the Court's previous Order on the government's motion for summary judgment, the Court noted that "this Court acknowledges some inconsistency in rulings of the state circuit courts on the issue of whether the damages provision of the Arkansas Medical Malpractice Act vitiates the Arkansas wrongful death statute. This Court relies on prior federal district court decisions in the Eastern and Western Districts that hold that damages recoverable by beneficiaries under the wrongful death act are not inconsistent with the Arkansas Medical Malpractice Act. *See McMullin v. United States*, 515 F.Supp.2d 914 (E.D. Ark. 2007); *Meredith v. Buchman*, 101 F.Supp.2d 764

(E.D. Ark. 2000); *Foncannon v. Phico Insurance Co.*, 104 F.Supp.2d 1091 (W.D. Ark. 2000)." (Dkt. No. 68, at 14).

In its initial supplemental brief, the government acknowledges those cases and agrees that those cases hold that the damages recoverable by the beneficiaries under the wrongful death act are not inconsistent with the Arkansas Medical Malpractice Act. The government argues, however, that the instant case is distinguishable from those cases and contends that, "[i]n those cases, the courts rejected the argument that the medical malpractice statute's damages provision superseded the wrongful death statute's provisions – which would have prevented recovery for statutory beneficiaries. The plaintiffs there were allowed to allege recovery under both damages provisions. Those cases are distinguishable from the case at bar because the Plaintiff here has failed to establish liability for the underlying medical negligence, and, therefore, cannot recover damages." (Dkt. No. 69, n.2).

Ms. Day also relies on these federal court cases in her initial supplemental brief. The Court understands Ms. Day to cite these cases in support of her argument that the medical malpractice statute is not inconsistent with the wrongful death statute. Ms. Day also cites *First Commercial Bank, N.A., Little Rock, Ark. v. United States*, 727 F. Supp. 1300, 1302 (W.D. Ark. 1990), in support of her argument that actions for survivorship and actions for wrongful death are separate and distinct in nature. This Court agrees that the medical malpractice and wrongful death statutes are not inconsistent, but the Court finds that the true issue here is that the wrongful death claim stems from and is dependent upon the medical negligence claim, which has been dismissed with prejudice.

The government contends that the proximate cause standard is the same for both the medical negligence and wrongful death claims because "the wrongful death action is derivative

4

in nature from of the underlying tort." (Dkt. No. 69, at 1-2). Further, the government argues that, because the wrongful death claim is based upon the previously-alleged medical negligence, it must also be dismissed. Ms. Day argues that the proximate cause standard for the wrongful death claim is different from that of medical negligence claims, and she contends that, "by looking to the language of the statutes, it is clear that both the damages and the causation standard of the Medical Malpractice Statute is separate and distinct from the damages and causation requirement included in the Wrongful Death Statute." (Dkt. No. 70, at 2). Ms. Day's argument is rooted in the idea that the plain language of the wrongful death statute entitles her to an ordinary negligence standard on the issue of proximate causation for the statutory beneficiaries' claim (Dkt. No. 70, at 2).

> The Arkansas wrongful death statute states, in pertinent part:
>
> (a)(1) Whenever the death of a person or an unborn child as defined in § 5-1-102 is caused by a wrongful act, neglect, or default and the act, neglect, or default would have entitled the party injured to maintain an action and recover damages in respect thereof if death had not ensued, then and in every such case, the person or company or corporation that would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person or the unborn child as defined in § 5-1-102 injured, and although the death may have been caused under such circumstances as amount in law to a felony.

Ark. Code Ann. § 16-62-102(a)(1).

Both parties argue that because a wrongful death action was created by statute, it must be strictly construed. *Estate of Hull v. Union Pac. R.R. Co.*, 141 S.W.3d 356, 358 (Ark. 2004). The wrongful death statute also allows certain enumerated statutory beneficiaries to recover damages for their own individual personal loss. *See* Ark. Code Ann. § 16-62-102(d)(1); Ark. Code Ann. §16-62-102(f)(1). The Court understands Ms. Day to be arguing that, because the Arkansas medical negligence statute and wrongful death statute provide for different damages, this Court should apply different proximate causation standards− the causation standard in the medical

5

malpractice statute to medical negligence claims and the ordinary proximate causation tort standard to the wrongful death claim. Ms. Day contends that, "[b]ecause the wrongful death claim is a separate claim, with separate damages, the ordinary standard for proximate causation should apply. This standard is set forth in AMI 501, which states as to proximate causation: '[w]hen I use the expression proximate cause, I mean a cause which, in a natural and continuous sequence, produces damage and without which the damage would not have occurred.' This approach does not contemplate the all or nothing approach used in medical malpractice claims." (Dkt. No. 70, at 4). The Court is not persuaded by this argument.

In support of its assertion that an action for wrongful death is derivative in nature from the original tort under which it is brought, the government cites a series of Arkansas cases. *See Estate of Hull v. Union Pac. R.R. Co.*, 141 S. W.3d 356, 359 (Ark. 2004) (holding that a settlement of the underlying tort action precluded prosecution under the wrongful death statute); *Brown v. Pine Bluff Nursing Home*, 199 S.W.3d 45, 47 (Ark. 2004) (ruling that the second dismissal of the underlying negligence claim with prejudice precluded recovery by the wrongful death beneficiaries); *Searcy Healthcare Center, LLC v. Murphy*, 2013 Ark. 463, *4 (2013) (holding that wrongful death beneficiaries were bound by an arbitration agreement executed by the decedent). The government further contends that, when the underlying action is reduced to final judgment, the claims on behalf of the statutory beneficiaries are extinguished. *Hull*, 141 S.W.3d at 358 (citing *Simmons First National Bank v. Abbott*, 705 S.W. 2d 3 (1986)).

This Court finds persuasive the reasoning of the Arkansas Supreme Court in *Hull*:

> Although the right of next of kin to recover under the Arkansas death statute is not a mere continuation of the original right of the decedent, but is a new action in the sense that it arises at a different time, that the beneficiaries are different, and that the measure of damages is different, still it is a derivative action, and, . . . it arises only where the original right of the decedent has been preserved. *Hicks*, 181 F. Supp. at 653.

6

> * * *
>
> Similarly, in the present case, since the wrongful death statute is derivative in nature from the original tort, and since the original right of the decedent was settled and thus, no longer preserved, the defense of a prior settlement with the decedent can be imposed by Union Pacific in the wrongful death action.

*Hull,* 141 S.W.3d at 359-60.

In this case, the Court dismissed with prejudice Ms. Day's underlying medical negligence claim which constituted the alleged wrongful act pled by Ms. Day for which she brought the wrongful death action on behalf of the statutory beneficiaries. Ark. Code Ann. § 16-62-102(a)(1). Thus, the "original right" of the decedent is not preserved because it was dismissed by this Court's prior Order. *See Hull*, 141 S.W. 3d at 360.

In the Order dismissing the medical negligence claim, this Court held that Ms. Day has not presented through Dr. Stark or Dr. Bentley's proffered expert opinions and testimony sufficient evidence that, but for the government's alleged conduct in October 2011, Mr. Deweese would have received any one of a number of treatments examined by Ms. Day's experts and survived past July 2013. As a result, the Court determined that Ms. Day did not provide the requisite expert testimony to show a genuine issue of material fact exists as it relates to proximate cause on her medical negligence claim prosecuted under Arkansas law. Because Ms. Day did not meet her burden of proving proximate cause as to her medical negligence claim and because this Court concludes that her wrongful death claim derives from or is based on her medical negligence claim, based on Arkansas case law, this Court finds that the government is entitled to judgment as a matter of law on Ms. Day's wrongful death claim.

**IV.     Conclusion**

In sum, the Court finds that Ms. Day has not provided the requisite expert testimony to show a genuine issue of material fact exists as it relates to proximate cause on her wrongful death claim prosecuted under Arkansas law.  The Court grants the government's motion for summary judgment in its entirety (Dkt. No. 42).  All of Ms. Day's claims are dismissed with prejudice.

So ordered this 10th day of June, 2016.

_____
Kristine G. Baker
United States District Judge